**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HENRY C. VAN ACKER, JR.,**

                                        **Plaintiff,**

        v.                                                    **8:07-CV-133**
                                                              **(FJS/DRH)**

**ADMINISTRATIVE OFFICE OF THE UNITED**
**STATES COURTS; OFFICE OF PERSONNEL**
**MANAGEMENT RETIREMENT AND**
**INSURANCE GROUP OFFICE OF INSURANCE**
**PROGRAMS; COMPLAINTS EXAMINING**
**UNIT OFFICE OF THE SPECIAL COUNSEL;**
**OFFICE OF PERSONNEL MANAGEMENT;**
**JOHN DOE, employee of the Office of Special**
**Counsel; and RICHARD ROE, employee of**
**the Office of Special Counsel, also known as**
**Steve,**

                                        **Defendants.**
_____

**APPEARANCES**                                **OF COUNSEL**

**HENRY C. VAN ACKER, JR.**
Rouses Point, New York 12979-1129
Plaintiff *pro se*

**OFFICE OF THE UNITED**                       **DIANE J. CAGINO, AUSA**
**STATES ATTORNEY**
218 James Foley U.S. Courthouse
445 Broadway
Albany, New York 12207
Attorneys for Defendants

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Defendants' motion to dismiss the complaint or, in the

alternative, for summary judgment.

## II. BACKGROUND

Plaintiff brings this action to secure enrollment in a health benefits plan under the Federal

Employees Health Benefits Program ("FEHBP"), retroactively effective to the date of his

retirement from Federal service.  Plaintiff also seeks reimbursement of unidentified expenses that

he allegedly suffered as a result of Defendants' denial of his request to enroll in a health benefits

plan from the date of his retirement to the effective date of judgment in this case.

In his complaint, Plaintiff alleges that Defendant Office of Personnel Management

("OPM") arbitrarily refused to allow his enrollment in the FEHBP by denying his request for

enrollment and denying his request to waive the enrollment, or participation, requirement

specified under 5 U.S.C. § 8905(b).  Section 8905(b) requires that an employee must have been

enrolled in a health benefits plan for "a period of not less than 5 years of service immediately

before retirement" to be eligible to continue his health insurance coverage into retirement.  5

U.S.C. § 8905(b).  In addition, Plaintiff alleges that he contacted the Office of Special Counsel's

Complaints Examining Unit on May 6, 2006, and August 4, 2006, in order to obtain information

relating to the FEHBP.[1]

---

[1] Defendants note that, although Plaintiff appears to contend that Defendant Office of Special Counsel ("OSC") is an entity of Defendant OPM, it is not and never has been a part of OPM.  Rather, Defendant OSC is an independent federal agency charged with investigating and prosecuting allegations of prohibited personnel practices, whistleblower retaliation, Hatch Act violations, and violations of the Uniformed Services Employment and Reemployment Rights Act, and also with providing a safe channel for employees to blow the whistle on acts of waste, fraud, and abuse occurring within their agencies.  *See* 5 U.S.C. §§ 1212 *et seq.* and 2302. According to Defendants, Defendant OSC has no responsibility for the FEHBP and/or the

(continued...)

**III. DISCUSSION**

A.      **Procedural history**[2]

Plaintiff was employed as a United States Magistrate Judge on a part-time basis from September 1, 1971, until his retirement on May 4, 2001.[3]  On September 16, 1971, Plaintiff completed and signed a Standard Form ("SF") 2809 (1968 ed.), reflecting his election not to enroll in a health benefits plan under the FEHBP.  *See* Defendants' Exhibit "2," Administrative Record, p 98; Defendants' Exhibit "3," Declaration of John L. Chastain, Assistant General Counsel, Administrative Office of U.S. Courts, ¶ 4.  There is no indication in the record, and Plaintiff does not allege, that he was ever enrolled in the FEHBP at any time during the course of his Federal service.  *See* Defendants' Exhibit "3," Declaration of John L. Chastain, Assistant General Counsel, Administrative Office of U.S. Courts, ¶ 4.[4]  Rather, it appears from Plaintiff's allegations that he only sought to enroll in an FEHBP health benefits plan as an annuitant, nearly five years after he entered retirement.

_____

[1](...continued)
employee and former employee enrollment in FEHBP.  *See* Defendants' Memorandum of Law at 3 (citing Exhibit 1, Declaration of Kristin L. Ellis, Litigation Counsel, OSC, ¶ 1).

[2] All of these facts are taken from the Administrative Record in this case, unless otherwise indicated.

[3] In his complaint, Plaintiff alleges that his retirement date was May 9, 2001.  *See* Complaint, Section I, ¶ 1(a), at p 3.  However the record actually reflects that Plaintiff's retirement date was May 4, 2001.  *See* Complaint, attachment 4 at block 17; Exhibit 2, administrative record, p 104.

[4] Plaintiff alleges in his complaint that, during his employment as a Magistrate Judge, he also was employed as an attorney for the Town of Champlain, New York.  *See* Complaint, Section I, ¶ 1.iii at p 4.  He also contends that he enrolled in the health benefits plan that the Town provided for its employees, and the Town paid 100% of Plaintiff's insurance premium until he retired from his position with the Town.  *See id.*

-3-

In e-mails dated April 17, 2006, April 18, 2006, and April 19, 2006, almost five full years after his retirement from federal service, Plaintiff asked Defendant OPM whether he could enroll in the FEHBP.  *See* Defendants' Exhibit "2," Administrative Record, pp 90-96.  On May 5, 2006, Defendant OPM replied by e-mail, advising Plaintiff that, if he had not enrolled in the FEHBP while he was an active employee and did not carry health benefits into retirement, he currently could not enroll.  *See id.* at 87.  In a letter dated May 6, 2006, Plaintiff requested documentation supporting Defendant OPM's response that he was not eligible to enroll in the FEHBP.  *See id.* at 88.  In another letter of the same date, Plaintiff also asked Defendant OPM whether it could reconsider its position on his eligibility to enroll in the FEHBP.  *See id.* at 86.

In an e-mail dated May 30, 2006, Plaintiff asked Defendant OPM if there were exceptions to the rule, i.e., that an employee must have been enrolled in the FEHBP for five years prior to retirement.  *See id.* at 84.  In an e-mail response dated June 6, 2006, Defendant OPM advised Plaintiff that there were some exceptions in cases where an employee was required to leave his position earlier than anticipated due to a serious illness, early retirement due to agency closure, or being close to achieving the five years of coverage.  *See id.* at 84.  In a letter dated June 6, 2006, Plaintiff advised Defendant OPM that he wanted to enroll in the FEHBP, and he sought an initial decision, pursuant to 5 C.F.R. § 890.104, regarding his request.  *See id.* at 83.  Plaintiff reiterated his requests in a letter dated June 7, 2006.  *See id.* at 82.  Defendant OPM responded to Plaintiff's requests, by letter dated June 8, 2006, advising him that, according to the SF 2809 that he had completed on September 16, 1971, he had elected not to enroll in the FEHBP.  *See id.* at 80-81.  Defendant OPM further advised Plaintiff that it was necessary for him to have been enrolled in the FEHBP for five years prior to his retirement to continue FEHBP coverage into retirement.

*See id.* at 80.

In a letter to Defendant OPM dated June 10, 2006, Plaintiff stated that he believed that Defendant OPM's e-mail of June 6, 2006, failed to fulfill the review requirements set forth in 5 C.F.R. § 890.104(b) and, therefore, the thirty-day time limit to submit requests for reconsideration had not yet started to run. *See id.* at 77. Plaintiff, therefore, requested that Defendant OPM reconsider any initial decision of his employing office denying him coverage or change of enrollment under the FEHBP. *See id.* By letter dated June 13, 2006, Plaintiff advised Defendant OPM that he was applying for enrollment in the FEHBP and requested information regarding the proper procedures for enrollment. He enclosed a letter dated March 16, 2001, from the Judges Compensation and Benefits Branch of the Administrative Office of the United States Courts ("AO"). *See id.* at 75-76. The letter that Plaintiff enclosed confirmed advice given to Plaintiff in a recent telephone conversation that, if he retired prior to the end of his term, his annuity would not be reduced. *See id.* at 76.

On June 21, 2006, Defendant OPM replied to Plaintiff's request for enrollment in the FEHBP. *See id.* at 74. Defendant OPM advised Plaintiff that he did not meet the requirements for enrollment in the FEHBP and that, therefore, his request for enrollment could not be honored. *See id.* at 74. Defendant OPM also advised Plaintiff of the eligibility requirements for a retiree to be eligible for FEHBP coverage, i.e., retirement on an immediate annuity and continuous coverage under the FEHBP for five years immediately prior to retirement, or since his first enrollment opportunity if less than five years prior to retirement. *See id.* In a letter dated June 22, 2006, Plaintiff reiterated his request for enrollment and provided a time-line describing his efforts to enroll in the FEHBP. *See id.* at 52-55 & 56-73.

On June 26, 2006, Plaintiff requested, pursuant to 5 C.F.R. § 890.104, that an employing office issue an "initial employing office decision" in writing, stating the right to an independent level of review, i.e., reconsideration by the agency or retirement system. *See id.* at 51.  Plaintiff further requested that the decision identify the health insurance carrier and policy number and provide him with a copy of the policy. *See id.*  On July 7, 2006, Plaintiff forwarded a letter to Defendant OPM expressing his desire to enroll in the FEHBP and enclosing a completed health benefits application form. *See id.* at 45 & 46-50.  Plaintiff noted that, according to the booklet entitled *Information for Retirees and Survivor Annuitants*, he was eligible to enroll in the FEHBP because of open season, which generally occurred annually, and because he became eligible for Medicare.  Plaintiff also stated that no time limits currently restricted his eligibility to apply. *See id.* at 45.

In a decision issued on July 13, 2006, Defendant OPM denied Plaintiff's request to enroll in the FEHBP. *See id.* at 43-44.  Citing 5 U.S.C. § 8905(b), which requires enrollment in the FEHBP for five years prior to retirement as a prerequisite to continuation of coverage following retirement, Defendant OPM determined that, because Plaintiff had no FEHBP enrollment to continue into retirement, he failed to meet the eligibility requirement for enrollment in the FEHBP as an annuitant.  Defendant OPM further explained that this letter represented Defendant OPM's initial decision as well as its final decision with respect to Plaintiff's request to enroll in the FEHBP. *See id.*

Plaintiff responded to the decision through a note dated July 17, 2006, at the bottom of Defendant OPM's denial letter. *See id.* at 41.  He contended that Defendant OPM may permit late enrollments in the FEHBP and waive the five-year rule set forth in § 8905(b).  In addition,

Plaintiff asserted that he had not yet received an initial decision within the meaning of 5 C.F.R. § 890.104, and that 5 C.F.R. § 890.103 allowed for the correction of errors. *See id.* In a letter dated August 7, 2006, Plaintiff asked for an extension of the time period in which to enroll in the FEHBP and a waiver of the requirement that an employee must be enrolled in the FEHBP for a period of five years prior to retirement or the opportunity to purchase an individual insurance policy through the FEHBP. *See id.* at 3-10 & 11-40.

In an addendum to his letter, Plaintiff argued that he never received any training or education concerning enrollment and coverage under the FEHBP, never cancelled or terminated his right to enroll in the FEHBP, and would have enrolled in the FEHBP if he had received proper training concerning health benefits. *See id.* at 12. Plaintiff also argued that, although he had discussed his impending retirement with a human resources official at the AO, the official did not mention health benefits. *See id.* Plaintiff, once again, argued that he had not yet received an initial decision within the meaning of 5 C.F.R. § 890.104 with respect to his request to enroll in the FEHBP, that he was entitled to documentation proving that the Defendant OPM official who had signed the decision was a person at the highest level of review, and that the *FEHB Handbook* provided for late elections and for a waiver of the five year enrollment period. *See id.* at 13. Finally, Plaintiff enclosed a completed OPM Form 2809 (Health Benefits Registration Form), indicating his desire to enroll in the FEHBP. *See id.* at 11.

By final decision dated August 23, 2006, that Kathleen M. McGettigan, Deputy Associate Director for the Center for Retirement and Insurance Services, signed, Defendant OPM denied Plaintiff's request for a waiver of the five-year participation requirement. *See id.* at 1-2. Defendant OPM noted that it was responding to Plaintiff's request for enrollment in the FEHBP

and that it was treating his letter as a request to waive the legal requirements for enrollment because, under normal conditions, a retiree cannot enroll in the FEHBP.  Defendant OPM noted further that the law governing its decision required an employee to be enrolled in the FEHBP for five years prior to retirement, or continuously from the first opportunity to enroll.  Defendant OPM also advised Plaintiff that the law authorized Defendant OPM to waive the requirement when it would be against equity and good conscience not to do so and enclosed information stating more fully the requirements for a waiver.  *See id.*

In this same letter, Defendant OPM stated that, in deciding an individual's request for a waiver, it examined his enrollment status at the time of retirement, how much of the five-year participation requirement he had completed, and the history of his participation in the FEHBP during his career.  After reviewing its records, Defendant OPM found that Plaintiff had never enrolled in the FEHBP during his federal service.  *See id.*

Defendant OPM also addressed Plaintiff's claim that the AO did not properly inform him of the consequences of failing to participate in the FEHBP as an employee.  *See id.*  Defendant OPM found that information concerning the five-year participation requirement had been readily available since the establishment of the FEHBP in 1960.  Defendant OPM thus stated that it would not grant a request for a waiver solely because an individual stated that his employing office had not advised him about the requirements for continuing health benefits coverage into retirement.  Consequently, Defendant OPM concluded, based on its evaluation of all of the information that Plaintiff had provided concerning his request for a waiver, that the circumstances surrounding Plaintiff's request did not support a basis for waiver.  *See id.*

**B.      Review of Defendant OPM's decision**

Pursuant to 5 U.S.C. § 8912, district courts have original jurisdiction, concurrent with the United States Claims Court, of a civil action or claim against the United States founded on 5 U.S.C. Chapter 89 (Health Insurance).  Since § 8912 does not include an independent standard of review, the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), governs judicial review of the OPM's decision in this case.  *See Envtl. Defense v. U.S. Envtl. Prot. Agency*, 369 F.3d 193, 201 (2d Cir. 2004) (quotation and other citation omitted).  Thus, the standard of review is whether OPM's decision to deny Plaintiff a waiver of the requirement that he be enrolled in the FEHBP for five years prior to his retirement was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.  *See Castiglia v. Horner,* No. 88 CIV. 1783, 1990 WL 139020, *3, *6 (S.D.N.Y. Sept. 19, 1990) (adopting the standard of review set forth in 5 U.S.C. § 706(2)(A) and finding that OPM did not act arbitrarily or capriciously in denying the plaintiff's request for a waiver of the five-year participation requirement).

A court may not set aside agency action as arbitrary and capricious if the decision was based on consideration of the relevant factors and there is a rational connection between the facts found and the choices made.  *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962).  A court is not empowered to substitute its judgment for that of the agency, *see Bowman Transp. Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285-86 (1974), but should defer to the agency's decision unless there has been a "'clear error of judgment.'"  *Envtl. Defense*, 369 F.3d at 201 (citation omitted).  Under this standard, the court must decide whether the agency "has considered the evidence, examined the relevant factors, and spelled out a satisfactory rationale for its actions including the demonstration of a reasoned connection

between the facts it found and the choice it made."  *Id.* (citation omitted).

Under 5 U.S.C. § 8905(a), an employee may enroll in an approved health benefits plan as an individual or for self and family.  *See* 5 U.S.C. § 8905(a).  Furthermore, under 5 U.S.C. § 8905(b)(1)(A), an individual who, at the time he becomes an annuitant, was enrolled in a health benefits plan under this chapter "(1) as an employee for a period of not less than – (A) the 5 years of service immediately before retirement; . . . may continue his enrollment under the conditions of eligibility prescribed by regulations of [Defendant OPM]."  5 U.S.C. § 8905(b)(1)(A).  Section 8905(b) further provide that Defendant OPM

> may, in its sole discretion, waive the requirements of this subsection in  the case of an individual who fails to satisfy such requirements if the [OPM] determines that, due to exceptional circumstances, it would be against equity and good conscience not to allow such individual to be enrolled as an annuitant in a health benefits plan under this subchapter.

5 U.S.C. § 8905(b).

Defendant OPM regulations implementing the waiver provision specify that Defendant OPM may grant a waiver to an annuitant "in rare and unusual circumstances" if the annuitant shows "by  a preponderance of the evidence" that (1) there is  evidence demonstrating that the individual intended to be covered as an annuitant; (2) the circumstances preventing the completion of the requirements of 5 U.S.C. § 8905(b) were essentially outside the individual's control; and (3) the individual exercised due diligence in protecting the right to coverage as an annuitant.  *See* 5 C.F.R. § 890.108(b).  The regulation further provides that Defendant OPM "will not grant a waiver" because (1) an individual's retirement is based on disability or an involuntary separation or (2) an individual was misadvised (or not advised) by his employing office about the

requirements for continuation of health benefits coverage.  *See* 5 C.F.R. § 890.108(c).

    In this case, Defendant OPM considered Plaintiff's request for a waiver and determined that, because no exceptional circumstances existed, waiver was not warranted.  Under the circumstances of this case, the Court finds that Defendant OPM's decision was not arbitrary or capricious.  Plaintiff affirmatively chose not to enroll in the FEHBP when he began his federal service in 1971.  At no time in his thirty years of federal service, in fact not until five years after he had retired, did he seek to enroll in the FEHBP.

    In § 8905(b), Congress specifically provided that it was within Defendant OPM's **sole discretion** whether to waive the requirement that the annuitant had been enrolled in the FEHBP "as an employee for a period of not less than – (A) the 5 years of service immediately before retirement."  5 U.S.C. § 8905(b)(1)(A).  Since Plaintiff did not meet this requirement, Defendant OPM, in compliance with its regulations, reviewed the record to determine whether Plaintiff had presented proof that his case presented "rare and unusual circumstances" that would warrant a waiver.

    Plaintiff did not – and has not in response to Defendants' motion – presented any evidence (1) that he intended to be covered as an annuitant, (2) that circumstances, outside his control, prevented him from completing the requirements of 5 U.S.C. § 8905(b); or (3) that he exercised due diligence in protecting his right to coverage as an annuitant.  In fact, the record demonstrates the opposite.  Plaintiff affirmatively denied coverage when he began his federal service and never sought coverage during his thirty years of service; nothing prevented him from completing the requirements; and he waited until five years after he became an annuitant before seeking to enroll in the FEHBP, which can hardly be considered due diligence.

-11-

Accordingly, because Defendant OPM reviewed the record, adhered to the statute and the regulations, and was well within its discretion to deny Plaintiff's request for a waiver, the Court grants Defendants' motion for summary judgment.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2008
          Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge